Good morning. I'm Patricia Andrioni for Mr. Gonzales. May it please the Court. I wanted to first address the claims regarding whether Inmate Dixon is applicable to the case of R. This Court accepted the certificate of availability and raised this as an issue. While appellant conceded in the district court that appellant counsel did not federalize the issues in his petition for review, this was based upon the fact that counsel did not use federal constitutional framework in his issues on petition for review. Respondent pointed out in her brief that the federal issues were not raised in the ALP. I'm sorry. Can we get some water? Did you want some? I've got some, thank you. So in abundance of caution, this counsel filed a writ of habeas corpus exactly the way it was filed in the state court petition except federalized the issues. And it was at that point that the California Supreme Court rejected it under Dixon. Now, the question is, although petitioner conceded the failure to federalize in the state courts, in review of the arguments of counsel in the petition for review, you'll know that he did raise ALBATE not very prominently. He minimally did mention that the juror misconduct violated petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments, but he did not do this in the prominent way that's normally argued. So the question is he raised this argument in the district court? No. No. Doesn't that in short say we're not able to get to the fact that you now contend he raised the federal issues then? If you don't raise it to the district court, how do you make it here? Well, that's what I'm asking this court. The district court had the petition for review. The respondent also raised the issue of Dixon in the district court, and at no time did the parties actually raise the fact that there was comment in one page of the petition for review that stated that there was a violation of the Sixth and Fourteenth Amendments. But if the court feels that that issue is waived because it was not raised in the district court, then I would like to also point out to this court that the district court did not raise this issue. The district court considered this issue, and the district court found that it was going to address the merits of the case despite Dixon. And the reason it did so and it also from reading what happened in the district court, the defendant raised or the State raised the Dixon bar in the federal district court as a defense to your allegations. And then the petitioner didn't even respond even after the State had raised the Dixon bar. Petitioner did respond, I believe. I think if I can just clarify, at least on the part that I may focus on, is that once under our Bennet rule, if they plead it as an affirmative defense, then there's a specific burden on the petitioner to put at issue whether or not it's been consistently applied. And then there's the question of, okay, if the defendant does that, then the burden shifts back to the State to disprove that. But the record here does not seem to reflect any step by the petitioner, by the habeas petitioner, by your client, to put at issue the inconsistency. So in that circumstance, the State adequacy issue seems to have been defaulted by the defendant. Well, I believe that at one point it was raised the fact that the appellate counsel failed to federalize the issues, and that consisted of ineffective assistance of counsel. But it was not raised as a separate claim. That doesn't have anything to do with – well, you're saying that – well, I'm talking about in the district court. In the district court. Was there an effort made to contest what the State asserted was an independent, adequate State ground? As I recall, there was. Well, where was the – any evidence, citation to any cases, anything to say that Dixon hasn't been applied consistently in non-capital cases? I believe there was none. Okay. That's what I'm saying. But the district court considered the fact that the independent State procedural part of federal habeas had been – had many different opinions within the courts, and specifically stated Dennis v. Brown, defining the claim by the Dixon rule as being pretermitted. And after reviewing the postcard denials by the California Supreme Court, it concluded that Dixon was inadequate procedural State ground to preclude habeas corpus. Now, the district court, after determining this, relied upon Lambrix v. Singletary, U.S. Supreme Court, for the fact that – Where were you reading from in the district court on that one? District court. I'm sorry. Well, if you don't – I don't have that citation. You don't have it, yeah. Maybe I do. I'm sorry. Go ahead. I'll find it. But the district court stated, when the claims raised in habeas are easier to resolve on the merits, the interests of judicial economy – I'm sorry, it's excerpts 46. Against deciding the more complicated or uncertain procedural default issues, it would hear the claims on the merits. And it referred to Lambrix v. Singletary and Franklin v. Johnson and Walters. And it felt that because there was such a situation here, it was not going to bar review on the Dixon grounds, but instead would meet the trial on the merits of the claim of juror misconduct. So the Dixon bar does – has been raised in this case. And the district court chose not to bar further proceedings based upon the State Supreme Court's Dixon bar. Okay. May I go on to juror misconduct? You've got only about a minute left. How much? About a minute. Oh, my goodness. Okay. Basically, the whole juror misconduct issue had to do with the fact that they took a Triscuit box back in the jury room and took the weapon that caused the death of the victim and tried to punch it, punch the Triscuit box, to see if it was sharp enough to have inflicted the wound the way the petitioner had testified, that he held it only loosely and that the victim fell on the knife. There was three holdout jurors. Those jurors were convinced it was an accident until the foreman and another juror produced this experiment. Now, the district court found that this was de minimis, and it had nothing to do with the jury's verdict. But two jurors, juror two and juror eight, were very conflicted about this, and it was only after they saw the force that was necessary to pierce this Triscuit box that they decided there had been some force by petitioner and therefore changed their verdict to second-degree murder. They were physicists. Huh? They were not physicists, I take it. No, they weren't. They invented a new field. Thank you. Good morning, Your Honors. Deputy Attorney General Stephanie Miyoshi on behalf of Respondent. I'll start with the issue of the Dixon bar and whether it applies in this case. In this particular case, petitioner is now arguing on appeal that he sufficiently raised his claims on direct appeal in the state courts, and thus the Dixon bar, which was applied to the habeas corpus petition, does not apply here. As this Court just noted during the oral argument, petitioner was represented by counsel in the district court, never made that argument to the district court. Moreover, it's simply not the case that he sufficiently raised his claims on direct appeal. If you look at the petition for review, the only issue he really raises is the issue regarding the Triscuit box incident. He does not raise the incidents regarding juror number 12 supposedly lying during jury board there, supposed bias of juror number 12. And although he mentions in passing one juror talking to another juror and saying you can write a letter to the court, he doesn't argue that that violated the federal constitution. Rather, he states in his petition for review that it further emphasizes the need for the Supreme Court to clarify the rules regarding juror misconduct. So it's simply not the case here that petitioner adequately raised his claims as federal constitutional claims or the same claims that he raised in his federal petition. And thus, the Dixon bar does apply here. As the Court noted, respondent did raise the Dixon bar as a defense in the district court. And petitioner never, who was represented by counsel in the district court, never alleged that the Dixon bar had not been regularly and consistently applied by the state courts. What do we do with the fact that the magistrate judge did, in fact, address the issue of adequacy in footnote 4? He did address the adequacy in footnote 4, but he pretty much just kind of sidestepped the whole issue and said, well, you know, courts have ruled different ways. Rather than trying to determine how to rule on this issue, I'm just going to ‑‑ it's easier for me to just reach the merits. But here, I mean, this Court's decision in Bennett v. Mueller is pretty clear, that if respondent raises the Dixon bar as a defense, then the burden shifts to petitioner to assert specific factual allegations. Or side cases. Or side cases, showing that the bar at issue has not been regularly and consistently applied, and only then is respondent then required to show that, in fact, that particular bar has been regularly and consistently applied by the state courts. So how did Dennis v. Brown come into the picture, which is the one that reviewed 200 postcard denials and concluded it wasn't consistently applied? In that particular case, I believe, actually, petitioner did, in fact, make specific factual allegations. No, I understand, but Bennett says you can either make specific factual allegations or you can include citations of cases. Correct. You don't have to reinvent the wheel every time. Oh, excuse me. And the citation in the footnote is about Dennis v. Brown. It was 2005 canvass by whoever the parties were in that case, came up with evidence of inconsistent application. So why wouldn't that suffice to shift the burden back to the state to rebut it? I believe it doesn't suffice to shift the burden back to the state because petitioner is not the one that alleged, even by citing that case, even that here's a case that shows that the state procedure bar has not been regularly and consistently applied. Petitioner, in fact, conceded in the district court basically said that, well, yeah, we didn't federalize our claims on direct appeal and that it would be prejudicial if the court just didn't go ahead anyways and reach the merits of the claim. So petitioner didn't even cite to something to show that the state bar here had not been regularly and consistently applied. In regards to the juror misconduct claim involving the Triscuit box incident, the state courts here found that it was not an impermissible jury experiment, that there was nothing to show that the jurors here thought that the Triscuit box somehow represented a human body and that the state court found that the experiment was a, quote, de minimis thing because it didn't really go to the issue, the true issue in the case, which is who supplied the force that resulted in the stabbing. Was it petitioner who stabbed the victim or was it the victim falling into the knife? And I think the declarations in the jurors showed that, I mean, juror number two basically stated that she found that what petitioner testified to didn't make sense because if he was holding the knife loosely and somebody fell into it, he probably would have dropped the knife. He stated he did not stumble backwards. And if somebody kind of stumbled into you, you would stumble backwards, too. And juror number eight basically said in her declaration that she based her verdict on, quote, the letter of the law. So unless the Court has any questions regarding either of those issues? Thank you. Thank you. The matter just argued is forwarded, submitted for decision.
judges: Schroeder, Fisher, Smith N. R.